UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-181-TRM-SKL |
| v. ) | |
| ) | |
| DIONTA RAGSTER ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Dionta Ragster, and the defendant's attorney, Myrlene Marsa, have agreed upon the following:

1. The defendant will plead guilty to the sole count in the Indictment:

    (a) **Count One:** Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The punishment for this offense is as follows: If the defendant is not determined to be an Armed Career Criminal, imprisonment for a term of up to ten years; a fine of up to $250,000; supervised release for up to three years; any lawful restitution; and a $100 special assessment. If the defendant is determined to be an Armed Career Criminal, imprisonment for a term of not less than 15 years up to Life; a fine of up to $250,000; supervised release for up to five years; any lawful restitution; and a $100 special assessment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm; (2) the firearm had traveled in or affected interstate commerce; and

Page 1 of 7

Case 1:18-cr-00181-TRM-SKL   Document 20   Filed 07/09/19   Page 1 of 7   PageID #: 35

(3) the defendant had a previous felony conviction and knew that he had a felony conviction. *Rehaif v. United States*, __ U.S. __ (2019); *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998), *cert. denied*, 525 U.S. 1166 (1999); *United States v. Moreno*, 933 F.2d 362, 372 (6th Cir.), *cert. denied*, 502 U.S. 895 (1991).

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which the defendant admits satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) On October 31, 2018, the Ford Fusion being driven by the defendant was stopped by Tennessee Highway Patrol Trooper Robert Gibson on I-75 northbound in Bradley County for going 93 mph in a 70 mph zone. There was a passenger in the car. The defendant did not have a driver's license. The trooper noted a strong smell of marijuana coming from the car. The defendant and the passenger were asked to step out of the vehicle. During an initial search, the trooper seized a Bersa .380 caliber pistol from the glove compartment. The trooper went back to his patrol car to run the serial number of the gun, but found that it had been filed off on the slide (it was not filed off on the inside of the slide). During this interval, the defendant ran into the woods. He was not apprehended until his arrest in Ohio on this indictment. Trooper Gibson found three gallon sized plastic bags containing marijuana inside a duffel bag in the trunk of the Ford Fusion. The passenger was arrested.

(b) ATF Special Agent Brian Scott Musgrave interviewed the passenger at the Bradley County Justice Center on November 2, 2018. He said he and his cousin, the defendant, picked up

Page 2 of 7

the marijuana in Atlanta and were returning to Cincinnati, their place of residency, when they were stopped. He said that he and the defendant liked to smoke marijuana, and that the marijuana they had was low-grade and inexpensive. He said the gun belonged to the defendant, who had shown it to him a couple weeks earlier, and that he did not realize it was in the car until he opened the glove box to get the registration for the trooper.

(c) A posting on FaceBook shows a digital photograph date- and time-stamped 10/31/18 at 0931 (earlier in the day of the traffic stop) of the defendant holding a pistol resembling the seized pistol.

(d) Prior to October 31, 2018, the defendant had sustained at least one felony conviction and was prohibited from possessing firearms. The defendant knew that he was a convicted felon. An ATF firearms identification expert has opined that the firearm was not manufactured in Tennessee and so would have affected interstate commerce. This occurred in the Eastern District of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) the right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(g)  the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant and the United States agree that a sentence of imprisonment of 42 months followed by three years of supervised release is appropriate. The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be

considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

 (a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

 (b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

 (c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office

Page 5 of 7

Case 1:18-cr-00181-TRM-SKL Document 20 Filed 07/09/19 Page 5 of 7 PageID #: 39

to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following: The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this

Page 6 of 7

Case 1:18-cr-00181-TRM-SKL   Document 20   Filed 07/09/19   Page 6 of 7   PageID #: 40

plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

7-9-19
Date

By: _____
Scott A. Winne
Assistant United States Attorney

6-28-2019
Date

_____
Dionta Ragster
Defendant

6/28/2019
Date

_____
Myrlene Marsa
Attorney for the Defendant

Page 7 of 7